Eugene F. Sullivan, J.
In this article 78 proceeding, the petitioner seeks a judgment to direct the Sheriff of Oneida County to restore the civil offices of the Sheriff to their former locations in the Oneida County Court House in the City of Utica and in the City of Rome.
It is the contention of the petitioner that the Oneida County Sheriff removed these civil offices in derogation of the provisions of section 216 of the County Law.
The petitioner is an attorney, who practices his profession in the City of Rome, and he is a qualified voter in the County of Oneida.
The order to show cause, herein, was returnable at a Special Term for motions, held on the 16th day of June, 1965 at Utica, New York.
Apparently, for a period of time previous to June 8, 1965, the civil records, or some of them, maintained by the Sheriff, were removed from the Oneida County Court House to the newly constructed Law Enforcement Building which is located beyond the limits of the City of Utica in the adjoining Town of Whitestown.
By his answer (affidavit), the Sheriff states that the civil office is presently maintained and staffed by two Deputy Sheriffs whose sole duties are the handling of civil process and that any inconveniences to those who have sought the services of the office, have been occasioned by virtue of the fact that the office in the Court House has been undergoing extensive renovation.
Under date of July 6,1965, the writer was informed by a letter from the Assistant County Attorney of Oneida County that “ the entire civil office of the Sheriff of the County of Oneida will be back in the Oneida County Court House on or before Monday, the 12th of July, 1965 ”. The writer has been reliably informed *823 that the office and the civil records have been returned to, and presently are in, the Oneida County 'Court House.
It remains for decision, by this court, whether or not a civil office of the Sheriff was ever established and existed in the City of Borne.
By a letter to the petitioner and the Assistant County Attorney, under date of July 19, 1965, the writer suggested a conference with them, the Sheriff and the court. Such a conference was held on July 22,1965 at the Court House in the City of Utica. It was the consensus of opinion of the afore-mentioned that it be recommended to the Board of Supervisors of Oneida County that a referendum or proposition be submitted to the voters of Oneida County at the next general election to be held November 2, 1965 to determine whether the civil office of the Sheriff be removed from its present location at the Oneida County Court House in the City of Utica to the afore-mentioned Oneida County Law Enforcement Building.
On August 11, 1965, the Board of Supervisors, by Besolution No. 220, docket 21-H, resolved: “That the Civil Office of the Sheriff be removed from its present location at the Oneida County Court House in the City of Utica to the Oneida County Law Enforcement Building located in the town of Whitestown on the south side of Sutliff Boad near the Oneida County Airport, and if a civil office of the Sheriff did ever exist in the City of Borne that it also be removed to the said Oneida County Law Enforcement Building, and be it further BESOLVED, That the Election Commissioners of the County of Oneida are hereby authorized and directed to place this proposition on the ballot in the general election to be held in November 1965.”
This proposition, which was submitted to the voters at the general election on November 2,1965, was defeated in its entirety.
At the conference on July 22, 1965, the court suggested and scheduled a hearing for August 2, 1965 at the Court House in Utica for the parties to present evidence with respect to the question whether or not a civil office of the Sheriff was ever established and existed in the City of Borne. It is the court’s recollection that the petitioner and the Assistant County Attorney did not deem if necessary to hold such a hearing but that each would present affidavits containing the facts with respect to the existence of a civil office of the Sheriff in the City of Borne and that a decision herein should be made by this court upon the affidavits submitted.
(Since the afore-mentioned proposition was to be submitted to the voters on November 2, 1965, the court deemed it advisable to *824 withhold a decision until the result of the vote was available. The reason is obvious.)
From these affidavits, it appears that, from the year 1923 to April, 1905, a Deputy Sheriff in the office of the Oneida County Sheriff’s Department was continuously assigned to the City of Rome, for the purpose of handling the civil process and civil office work for the Oneida County Sheriff’s Department for the City of Rome and the greater Rome area; that the office for carrying on these services and duties was located in the “ Rome extension of the Oneida County Jail ”, which was demolished in April, 1965; that executions, garnishees, summons, subpoenas, replevin papers and other typical civil process were accepted, stamped and booked at the Rome office, then forwarded to the office of the Sheriff at the Oneida County Court House in the City of Utica, at which office the papers were docketed, booked, entered or numbered and then returned to the office at Rome from which office the process was executed, served or processed as required; that the mileage fees for the service or execution or processing of any papers were computed from the Rome office; that all fees, moneys and costs were collected and deposited by the Rome office in a bank at Rome to the account of the Oneida County Sheriff and ‘1 when an execution was paid in full, or a substantial amount thereof received, a check was drawn on the Rome Bank and sent to the Utica office for disbursing;” that any items of personal property, taken into possession under process, were brought to, and held at, the Rome office and sales pursuant to levy were conducted there and any items of personal property, taken in an action to recover a chattel, were held at the Rome office until dispositions of them were made; that cash, reporting and other record books were maintained and kept at all times at the Rome office.
In his affidavit, the petitioner states: ‘1 That your affirmant has examined the records of the Board of Supervisors since 1897 to date and he has found official substantiation of his point that respondent had a Civil Office in Rome by reason of a report to the Board of Supervisors from the Oneida County Survey Committee appointed pursuant to Resolution 199 enacted August 15, 1951 pursuant to Oneida County Local Law No. 2 enacted May 23, 1951. Said report is dated December, 1951 at Page 65 thereof discussed previously thereto the duties of the Sheriff and is as follows:
<“7. ROME JAIL PERSONNEL
111 a. There are three jailors, one per eight hour shift, on duty in the Rome Jail.
*825 “ ‘ b. There is a matron and an assistant matron, the latter being on a part-time basis.
“ ‘ 8. ROME BRANCH OFFICE PERSONNEL —The Rome Jail, as noted above, serves as a Branch Office of the Sheriff’s Department. A deputy is in charge of this office; he has one assistant who aids him in discharging his responsibility for handling all papers concerning parties in Rome or the surrounding area. ’ ’ ’
From the foregoing undisputed facts contained in the submitted affidavits of the parties, this court finds that a civil office of the Sheriff did exist in the City of Rome until April, 1965 when it was removed by abolishment without the approval of a proposition therefor by the affirmative vote of a majority of the qualified electors of Oneida County as provided by section 216 of the County Law. Such a civil office of the Sheriff should be re-established in the City of Rome within a reasonable period of time.
Judgment in accordance with this decision.